UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO LOPEZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>SSA, ASSISTANT SECRETARY,<br><br>        Defendants. | No. CV-12-3077-LRS<br><br>**ORDER OF DISMISSAL** |

The *pro se* Plaintiff, proceeding *in forma pauperis*, has filed a Complaint against the Defendants with allegations purportedly stemming from plaintiff's denial of his benefits through the DSHS. On June 13, 2012, the Court reviewed the Complaint for legal and factual sufficiency. The Court has determined that the Complaint fails to comply with Federal Rule of Civil Procedure 8(a). For instance, the Complaint requests this Court to provide a "declaration that he is a Citizen of the United States and that he is the person he claims to be in the name of Gilberto Lopez." ECF No. 1, at 6-7. Plaintiff further requests "an award of 78,920, at a minimum for the failure to grant benefits to the Plaintiff." Id. at 6.

Plaintiff, a resident of Yakima, Washington, brings this action against the Social Security Administration and Assistant Secretary. By separate Order issued on May 17, 2012, plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 3). This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a

**ORDER OF DISMISSAL -1**

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In this case, plaintiff has failed to assert any claim with an arguable basis in fact or law, or alternatively, has failed to state a claim upon which relief may be granted in this federal court. The Social Security Act provides: "The Commissioner of Social Security shall require of applicants for social security account numbers such evidence as may be necessary to establish the age, citizenship, or alien status, and true identity of such applicants, and to determine which (if any) social security account number has previously been assigned to such individual." 42 U.S.C. § 405(c)(2)(B)(ii). The Social Security regulations further provide:

An applicant for an original social security number card must submit documentary evidence that the Commissioner of Social Security regards as convincing evidence of age, U.S. citizenship or alien status, and true identity. An applicant for a replacement social security number card must submit convincing documentary evidence of identity and may also be required to submit convincing documentary evidence of age and U.S. citizenship or alien status. An applicant for an original or replacement social security number card is also required to submit evidence to assist us in determining the existence and identity of any previously assigned number(s). A social security number will not be assigned, or an original or replacement card issued, unless all the evidence requirements are met.

Plaintiff has not provided a decision of the Social Security Administration. The requirement that plaintiff obtain proper verification of his identity before a Social Security card may be issued, if that is what plaintiff is complaining of, does not deny plaintiff his benefits and his due process guaranteed under the Fifth and Fourteenth Amendments as plaintiff avers. Nor is there any other logical construction of plaintiff's complaint from which the Court can divine a viable claim against the defendants over which the Court might have jurisdiction.

When a complaint is dismissed under 28 U.S.C. §1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies,

**ORDER OF DISMISSAL -2**

Case 2:12-cv-03077-LRS    Document 6    Filed 06/14/12

unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (dismissal for failure to state a claim). The Court finds that the deficiencies herein cannot be cured by any amendment.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which relief may be granted. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal in forma pauperis. Plaintiff, a non-prisoner, remains free to apply to proceed in forma pauperis in the Court of Appeals.

**IT IS HEREBY ORDERED**: Plaintiff's action is **DISMISSED** without prejudice.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, provide a copy to plaintiff and counsel of record, and **CLOSE THIS FILE.**

**DATED** this   14th   day of June, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER OF DISMISSAL -3**